DEPARTMENT OF ENVIRONMENTAL QUALITY v MORLEY

Docket No. 323019. Submitted December 2, 2015, at Lansing. Decided December 15, 2015. Approved for publication February 9, 2016, at 9:00 a.m. Leave to appeal denied 500 Mich 887.

The Department of Environmental Quality (DEQ) brought an action in the Ingham Circuit Court against Jack O. Morley, alleging that he had dredged, filled, drained, and maintained a use on property alleged to be a wetland in violation of former Part 303 of the Natural Resources and Environmental Protection Act, MCL 324.30301 *et seq.* The action sought injunctive relief and civil fines. The court, Clinton Canady III, J., entered judgment in favor of plaintiff, ruling that 92.3 acres of defendant's 106.5-acre property was wetland and that defendant's activities on the property had violated Part 303. The court ordered defendant to remove 4.1 acres of fill material, restore that acreage to its prior condition, cease violating Part 303, and pay plaintiff a statutory fine of $30,000. Defendant appealed.

The Court of Appeals *held*:

1. The trial court did not err by granting plaintiff's motion to strike defendant's demand for a jury trial. Because there was no historical right to a jury trial in Michigan when the relief sought was equitable in nature, and because wetland protection was not a cause of action at common law, defendant was not entitled to a jury trial under Const 1963, art 1, § 14. Defendant also had no right to a jury trial under the federal Constitution, which does not confer a right to trial by jury in civil cases brought in state courts.

2. The trial court did not err by determining that the exhibits defendant challenged at trial or on appeal were admissible because they were supported by reliable expert testimony under MRE 702 and were not inadmissible hearsay.

3. The trial court's order requiring defendant to cease all activities on the 92.3 acres identified as wetland did not constitute a judicial taking under the state or federal Constitutions. The Court of Appeals has previously held that wetland regulations that resulted in the DEQ denying a landowner's application for a permit to fill wetlands did not constitute a taking of the property, even though it decreased the value of the property significantly,

because the property retained substantial value and usefulness, the plaintiffs were aware of the regulations when they purchased the property, and the regulations were universal throughout the state and did not single out the plaintiff's property to bear the burden of the public interest in wetlands. In so holding, the Court noted that, standing alone, a decrease in the value of the property is insufficient to establish a compensable taking. The Court has also recognized that the statutory requirement that a person obtain a permit before engaging in certain uses of his or her property does not itself constitute a taking and neither does the designation of the majority of the property as wetland. Under these holdings, defendant should have been aware of Part 303, which had been in effect for 14 years before he purchased the property; there was no evidence that defendant was singled out to bear the burden of the public's interest in wetlands; and the designation of the majority of defendant's property did not itself constitute a taking. In addition, there was no evidence that the injunction left no economically viable use of the property, regardless of the trial court's comment that there was nothing defendant could do with the property given the injunction.

4. Defendant forfeited his arguments that the DEQ improperly relied on the existence of an agricultural drain to determine that defendant's property was a regulated wetland and that the trial court's motivation for imposing the fine was related to an offer by a land conservancy to buy the property at a price below market value by failing to raise these issues in the trial court. There was no support for the latter argument in the record, and defendant was not permitted to expand the record on appeal to support it.

Affirmed.

*Bill Schuette*, Attorney General, *Aaron D. Lindstrom*, Solicitor General, *Matthew Schneider*, Chief Legal Counsel, and *Daniel P. Bock*, Assistant Attorney General, for plaintiff.

*Braun Kendrick Finkbeiner PLC* (by *Frederick C. Overdier*) for defendant.

Before: SAAD, P.J., and STEPHENS and O'BRIEN, JJ.

PER CURIAM. Defendant Jack O. Morley appeals as of right the final order of the circuit court granting

judgment in favor of plaintiff, the Michigan Department of Environmental Quality (DEQ). We affirm.

The DEQ filed a complaint against defendant, seeking an injunction and civil fines for defendant's dredging, filling, draining, and maintaining a use on property alleged to be a wetland, contrary to Part 303 of the Natural Resources and Environmental Protection Act (NREPA), MCL 324.30301 *et seq.*, which was in effect in 2009.[1] Following a bench trial, the trial court entered judgment in favor of the DEQ, ruling that 92.3 acres of defendant's 106.5-acre property was wetland and that defendant's activities violated Part 303. The court ordered him to remove 4.1 acres of fill material; restore that acreage to its prior condition; cease all Part 303 violations, including farming on all acreage designated as wetland; and pay the DEQ a statutory fine of $30,000.

Defendant first argues that the trial court erred by granting the DEQ's motion to strike his demand for a jury trial. We disagree.

Defendant preserved this issue by filing a demand for jury trial. *Moody v Home Owners Ins Co*, 304 Mich App 415, 444; 849 NW2d 31 (2014). Whether defendant was entitled to a jury trial for a complaint seeking an injunction and civil fines under Part 303 is an issue of constitutional law, which we review de novo. *Elba Twp v Gratiot Co Drain Comm'r*, 493 Mich 265, 277-278; 831 NW2d 204 (2013).

The Michigan Constitution provides that the "right of trial by jury shall remain . . . ." Const 1963, art 1, § 14. "Thus the right to trial by jury is preserved in all cases where it existed prior to adoption of the Constitution." *Conservation Dep't v Brown*, 335 Mich 343,

---

[1] We note that Part 303 was repealed by 2013 PA 98.

346; 55 NW2d 859 (1952). Further, the "constitutional guaranty applies to cases arising under statutes enacted subsequent to adoption of the Constitution, which are similar in character to cases in which the right to jury trial existed before the Constitution was adopted." *Id*. Because there is no historical right to a jury trial in Michigan when the relief sought is equitable in nature—as in this case, in which the DEQ sought declaratory relief—defendant was not entitled to a jury trial. *Id*. at 347; *Gelman Sciences, Inc v Fireman's Fund Ins Cos*, 183 Mich App 445, 449-450; 455 NW2d 328 (1990). See also *Wolfenden v Burke*, 69 Mich App 394, 399; 245 NW2d 61 (1976) (stating that there is no historical, constitutional guarantee of a jury trial where the relief sought was equitable in nature).

In general, MCL 324.30306 prohibits a person from depositing fill into, dredging soils from, maintaining any use or development on, or draining surface water from a wetland unless the DEQ issues a permit to do so. Under MCL 324.30316(1) and (4), a trial court may restrain a violation of MCL 324.30306, impose a civil fine, and order restoration of the affected wetland. Part 303 was enacted after ratification of the 1908 and 1963 Michigan Constitutions, and there is no evidence that a cause of action based on the activities listed in Part 303 was known to Michigan's legal system when the Constitution was adopted.[2] Because wetland protection is not a cause of action known to the common law, but is instead a new cause of action created by statute, there is no constitutional right to a jury trial, *Brown*, 335 Mich at 349-350, even though the statute also provides for monetary damages, see *Madugula v Taub*,

---

[2] The substance of what is now Part 303 was enacted by 1979 PA 203 as the Wetland Protection Act and recodified in 1994 PA 451 as Part 303 of NREPA.

496 Mich 685, 696-698; 853 NW2d 75 (2014) (holding that the defendant was not entitled to a jury trial for an action brought under the Business Corporation Act for alleged violations of the shareholder-oppression provisions of the act, even though the statute also provided for damages as a remedy).

Defendant argues that because the DEQ's claims against him would also be a misdemeanor punishable by a fine if the state proved intent, the state was required to prove to a jury that defendant purposefully or voluntarily deposited or permitted the placement of fill material in a known regulated wetland. In addition to providing for a civil lawsuit, Part 303 also provides that a person who violates MCL 324.30306 is guilty of a misdemeanor and subject to a fine. MCL 324.30316(2) and (3). However, the DEQ only filed a civil action against defendant; it did not seek to criminally prosecute him. Therefore, it is irrelevant that the statute provides for criminal liability.[3]

We also reject defendant's argument that federal law rather than state law governs whether a defendant is entitled to a jury trial. The United States Constitution guarantees the right to a jury trial in civil trials, US Const, Am VII, and the Bill of Rights applies only to the federal government, except where the Fourteenth Amendment applies fundamental, substantive rights to the states, *McDonald v City of Chicago*, 561 US 742, 759-760; 130 S Ct 3020; 177 L Ed 2d 894 (2010). See

---

[3] We note that, contrary to defendant's assertion, the requirement in MCL 324.30316(2) that a "person who violates this part is guilty of a misdemeanor, punishable by a fine of not more than $2,500.00," does not require the DEQ to prove criminal intent. MCL 324.30316(3), which contains a "willful or reckless" element of intent, only applies when there is a violation of a condition or limitation in a permit issued by the DEQ. It is undisputed that defendant never applied for a permit, and this section is therefore not relevant.

also *Hardware Dealers' Mut Fire Ins Co of Wis v Glidden Co*, 284 US 151, 158; 52 S Ct 69; 76 L Ed 214 (1931) (holding that "[t]he Fourteenth Amendment neither implies that all trials must be by jury, nor guarantees any particular form or method of state procedure" and that "a state may choose the remedy best adapted, in the legislative judgment, to protect the interests concerned, provided its choice is not unreasonable or arbitrary, and the procedure it adopts satisfies the constitutional requirements of reasonable notice and opportunity to be heard"). Further, our Supreme Court has recognized that "[t]he Constitution of the United States does not confer a federal constitutional right to trial by jury in state court civil cases." *McKinstry v Valley Obstetrics-Gynecology Clinic, PC*, 428 Mich 167, 183; 405 NW2d 88 (1987). Accordingly, Michigan law controls whether defendant was entitled to a jury trial in the instant civil action brought under Part 303, and Part 303 does not provide for a jury trial for any violation of the statute. Therefore, we conclude that defendant's reliance on *Tull v United States*, 481 US 412, 422; 107 S Ct 1831; 95 L Ed 2d 365 (1987), in which the Court held that the United States Constitution provides a right to a jury trial in actions brought under the federal Clean Water Act when a monetary fine is an element of the relief requested, is misplaced because the federal law requirement does not apply to actions alleging violations of Part 303.

Defendant next asserts that the trial court erred by admitting certain testimony and evidence. We conclude otherwise.

We review for an abuse of discretion a trial court's decision to admit evidence. *Barnett v Hidalgo*, 478 Mich 151, 158-159; 732 NW2d 472 (2007). "An abuse of discretion occurs when the decision results in an out-

come falling outside the range of principled outcomes." *Id*. at 158. We review for plain error affecting substantial rights those evidentiary issues that were not preserved by objection below. *Hilgendorf v St John Hosp & Med Ctr Corp*, 245 Mich App 670, 700; 630 NW2d 356 (2001).

Defendant argues that DEQ witnesses were erroneously allowed to establish wetland jurisdiction, as defined by MCL 324.30301(m), without a proper foundation. Because he did not preserve this issue by objection below, our review is limited to plain error affecting substantial rights. *Id*.

MRE 702 allows opinion testimony by an expert if "(1) the testimony is based on sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case." The trial court has the fundamental duty of ensuring that all expert opinion testimony is reliable. *Gilbert v DaimlerChrysler Corp*, 470 Mich 749, 781; 685 NW2d 391 (2004). Accordingly, "the court may admit evidence only once it ensures, pursuant to MRE 702, that expert testimony meets that rule's standard of reliability." *Id*. at 782. See also *Kumho Tire Co, Ltd v Carmichael*, 526 US 137, 147-149; 119 S Ct 1167; 143 L Ed 2d 238 (1989) (holding that the trial court's basic gatekeeping obligation applies to all expert testimony, including technical and other specialized knowledge).

Defendant argues that the trial court ignored the portion of the definition of wetland, as set forth in MCL 324.30301(1)(m), that a wetland "is commonly referred to as a bog, swamp, or marsh" because there was no direct expert testimony about the definition of those words. This claim is without merit. The categorization of the property as wetland was supported by the

results from the site inspection in September 2009 and the expert conclusions by DEQ expert witnesses Kip Cronk, Cathy Sleight, Justin Smith, Todd Losee, and Chad Fizzell that defendant's property contained 92.3 acres of wetland. Further, there is no evidence on the record that supports defendant's assertion that the trial court failed to recognize the lack of evidence related to the Part 303 wetland definition regarding the property being commonly referred to as a bog, swamp, or marsh. Sleight testified that as set forth in Part 303, the term "wetland" commonly refers to a bog, swamp, or marsh, and Losee referred to the statutory definition of wetland when he opined that portions of the property were marsh and portions were swamp. Moreover, Losee, who was qualified as an expert in wetland identification and delineation and the application of Part 303, explained in detail how the site inspection was performed in accordance with guidance manuals from DEQ and Army Corps of Engineers and was highly thorough in scope with 54 soil bores. Losee's conclusion that a portion of the property was marsh and a portion was swamp was properly admitted because it was based on sufficient facts or data and was the product of reliable principles and methods that were applied reliably to the facts of the case. MRE 702. Contrary to defendant's assertion, Losee did delineate the boundaries of the property that were determined to be wetland; MCL 324.30301(1)(m) does not require that the exact boundaries of that which is commonly referred to as marsh or swamp be specified, nor is there a requirement that a Bay County witness testify, as opposed to the expert testimony offered at trial, that a portion of the property was commonly referred to as bog, swamp, or marsh in 2007 or 2008. Thus, we conclude that there was a foundation to establish that 92.3 acres of defendant's property was a wetland as

defined by MCL 324.30301(1)(m) and the admission of this evidence was not plain error that affected defendant's substantial rights. *Hilgendorf*, 245 Mich App at 700.

Defendant next argues that certain exhibits were admitted to establish wetland delineation without the proper foundation. We disagree.

Defendant argues that Exhibits 11 and 12 were inadmissible hearsay because they were admitted without testimony by their creator. This Court reviews for an abuse of discretion a preserved challenge to a trial court's decision to admit evidence. *Barnett*, 478 Mich at 158-159. "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id.* at 158. Hearsay, which is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted," MRE 801(c), is not admissible at trial unless it falls within an established exception to the hearsay rule, *McCallum v Dep't of Corrections*, 197 Mich App 589, 603; 496 NW2d 361 (1992). In this case, Sleight testified that she reviewed plaintiff's Exhibits 11 and 12 to determine whether the property was likely wetland and to decide whether she should inspect the property. Thus, the documents were not offered to prove that the property is in fact a regulated wetland, i.e., for the truth of the matter asserted, and were therefore not hearsay. MRE 801(c).

Defendant next argues that the trial court erred by admitting plaintiff's Exhibit 33 because it was not helpful or reliable and there was no evidence that Fizzell's interpretation of the data conformed to an established standard. Following a review of the evidence, we conclude that the exhibit was helpful in

assisting the trial court to determine whether defendant's property was or had ever been a wetland. MRE 702. Fizzell created Exhibit 33, a saturation/inundation evaluation, using information gathered at the 2009 site inspection. He laid the exhibit over an aerial photograph of the property taken on April 23, 1998, to compare the soil to determine whether it was likely that the property was a wetland before the alterations. We note that Fizzell specifically testified that there is no certification for geographical information and science or aerial imagery interpretation but that he was qualified to create the exhibit through his fifteen years of skill, training, and experience. MRE 702. Accordingly, we hold that the trial court did not abuse its discretion by admitting plaintiff's Exhibit 33 because it was a report based on sufficient facts or data, it was the product of reliable principles and methods, and Fizzell applied the principles and methods reliably to the facts of the case. MRE 702; MRE 703.

Defendant failed to preserve his objections to plaintiff's Exhibits 34 and 35. We have reviewed the evidence and conclude that both exhibits assisted the trial court in understanding the evidence collected on-site and in determining the issue of whether defendant's property contained wetlands under MRE 702. Therefore, the trial court's decision to admit these exhibits did not constitute plain error that affected defendant's substantial rights.

Defendant's preserved challenge to the admission of plaintiff's Exhibit 37, a compilation of soil-testing data, is equally without merit. Fizzell testified that he decided where the soil-testing points would be, went to each of the soil points during the inspection, compiled the data sheets, and created the exhibit. These circum-

stances, coupled with Fizzell's qualification as an expert in geographical information and science and aerial photographic interpretation with regard to wetland and hydrologic features, established a foundation for reliability as required by MRE 702. *Barnett*, 478 Mich at 158-159.

Defendant next argues that the trial court's order requiring him to cease all activities on the 92.3 acres classified as wetland constituted a judicial taking. We disagree. Because he raised this issue for the first time in a motion for reconsideration, the argument is not preserved. *Vushaj v Farm Bureau Gen Ins Co of Mich*, 284 Mich App 513, 519; 773 NW2d 758 (2009). However, we may review an unpreserved issue "if it is an issue of law for which all the relevant facts are available." *Id.*

"Both the Fifth Amendment of the United States Constitution and art 10, § 2 of the Michigan Constitution prohibit governmental taking of private property without just compensation." *Bevan v Brandon Twp*, 438 Mich 385, 389-390; 475 NW2d 37 (1991). In *K & K Constr, Inc v Dep't of Environmental Quality*, 267 Mich App 523; 705 NW2d 365 (2005), a panel of this Court concluded that wetland regulations that resulted in the DEQ denying the plaintiff's application for a permit to fill wetlands did not constitute a taking of the plaintiff's property, even though it decreased the value of the property significantly, because the property retained substantial value and usefulness, the plaintiffs were aware of the regulations when they purchased the property, and the regulations were universal throughout the state and did not single out the plaintiff's property to bear the burden of the public interest in wetlands. In so holding, this Court noted that, standing alone, a decrease in the value of the

property is insufficient to establish a compensable taking. *Id.* at 553. In *Bond v Dep't of Natural Resources*, 183 Mich App 225, 231-232; 454 NW2d 395 (1989), this Court recognized that the statutory requirement that a person obtain a permit before engaging in certain uses of his or her property does not itself constitute a taking, and neither does the designation of the majority of the property as wetland.

A party is presumed to have had notice of applicable regulations when it purchased a piece of property, and such notice "helps to determine the reasonableness of the claimant's investment-backed expectations." *Schmude Oil, Inc v Dep't of Environmental Quality*, 306 Mich App 35, 53-54; 856 NW2d 84 (2014). Thus, as in *K & K Constr, Inc*, 267 Mich App at 553-563, defendant should have been aware of Part 303, which was in effect for 14 years before he purchased the property. *Schmude Oil, Inc*, 306 Mich App at 54. Part 303 applies throughout the state for the benefit of everyone, MCL 324.30302(1), and there is no evidence that defendant was singled out to bear the burden of the public's interest in wetlands, *Schmude Oil, Inc*, 306 Mich App at 53. Further, as in *Bond*, 183 Mich App at 231, the designation of the majority of defendant's property as wetlands does not itself constitute a taking. In addition, there was no evidence placed on the record that with the injunction there was no economically viable use of the property, regardless of the trial court's comment that there was nothing defendant could do with the property given the injunction. Moreover, contrary to defendant's assertion, the Army Corps of Engineers notified him in 1994 and 2007 that his property contained a wetland. The DEQ also notified him in 2007 that he had regulated wetlands on his property. Furthermore, as the owner, it is presumed that he was aware of the

statutory ramifications if his land was regulated wetland. *Schmude Oil, Inc,* 306 Mich App at 54. Accordingly, the trial court order requiring defendant to cease all actions on his wetland property that violated Part 303 (in this case farming) did not constitute a taking. *K & K Constr, Inc,* 267 Mich App at 553-563; *Bond,* 183 Mich App at 231-232.

Next, defendant argues for the first time on appeal that the DEQ improperly relied on the existence of an agricultural drain to determine that defendant's property is a regulated wetland. This Court need not address an issue that is raised for the first time on appeal because it is not properly preserved for appellate review. *Polkton Charter Twp v Pellegrom,* 265 Mich App 88, 95-96; 693 NW2d 170 (2005); *FMB-First Mich Bank v Bailey,* 232 Mich App 711, 718; 591 NW2d 676 (1998). Because defendant failed to raise this issue below, we consider it forfeited. *Stein v Braun Engineering,* 245 Mich App 149, 154; 626 NW2d 907 (2001). For the same reason, we also consider forfeited his assertion that the trial court only imposed the fine because a local land conservancy was allegedly interested in acquiring defendant's property below market value because of the wetland determination. We also note that there is no support for this assertion in the record and that defendant may not expand the record on appeal to support this argument. *In re Rudell Estate,* 286 Mich App 391, 405; 780 NW2d 884 (2009).

Finally, we have reviewed the record and conclude that the trial court did not condition any relief from the judgment on defendant's payment of a fine. We further note that even if it had, an order allowing some farming would have been contrary to the clear lan-

guage of MCL 324.30304, which prohibits a person from maintaining a use in a wetland without a permit issued by the DEQ.

Affirmed.

SAAD, P.J., and STEPHENS and O'BRIEN, JJ., concurred.