# STATE OF MICHIGAN

# COURT OF APPEALS

PAPA'S PIZZA, INC.,

       Plaintiff-Appellant,

v

GLOBE MIDWEST CORPORATION,

       Defendant-Appellee.

UNPUBLISHED
March 8, 2018

No. 333295
Wayne Circuit Court
LC No. 15-012901-CB

Before: TALBOT, C.J., and BECKERING and CAMERON, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7) and imposing sanctions on plaintiff's counsel. On appeal, plaintiff argues that the trial court erred when it denied plaintiff's motion to reconsider the order granting summary disposition. We affirm.

## I. BACKGROUND

Plaintiff operated a number of pizza stores in Detroit, and in February 2012, two of those stores sustained significant losses from separate fires. The first location sustained fire damage on February 3, 2012. On February 6, 2012, plaintiff contracted with defendant, a public insurance adjusting firm, to adjust plaintiff's claim with its insurance company, Michigan Millers Mutual Insurance Company (Millers). Three days later, on February 9, 2012, the second location sustained fire damage. Plaintiff also retained defendant's services to assist with the adjustment of the second fire-loss claim. Defendant agreed to assist plaintiff "in the preparation and presentation" of the two fire-loss and business-interruption loss claims. This included "providing all documents received from [p]laintiff to" Millers. In return, plaintiff agreed to pay defendant 5% of any monetary recovery paid by Millers.

Between February 2012 and July 2012, plaintiff received numerous requests from Millers for documentation relating to both losses, as well as to the financial state of plaintiff's businesses. On February 15, 2012, Millers emailed a document request to defendant's representative, DJ Cremen. On April 10, 2012, plaintiff's accountant sent numerous tax documents to Craig C. Becker, defendant's vice president. On May 9, 2012, Becker forwarded the documentation to Millers. Then, plaintiff submitted its proofs of loss on May 10, 2012, claiming the fire loss at the first location totaled $379,963.98, and the fire loss at the second location totaled $245,045.35. On May 17, 2012, attorney E. Frederick Davison sent a letter to

-1-

plaintiff informing it that Millers had retained Davison for purposes of investigating the claims. Davison attached an additional four pages of document requests regarding the fire loss and general financial condition of the businesses and informed plaintiff that Phil Almaki, the owner of Papa's Pizza, was to complete an examination under oath (EUO) on June 5, 2012. On May 22, 2012, Millers also sent a letter to plaintiff stating it did not agree with the proofs of loss and had retained Davison to arrange for the EUO.

On June 4, 2012, Davison emailed plaintiff's counsel, Frank Aiello, and requested that Almaki provide the requested documentation by July 5, 2012. The same day, Aiello responded to the email explaining that he had just been retained as counsel and would sit down with Almaki and "work[] on the document production pronto so that we can hopefully get the material to you within the next 30 days." Defendant's representatives were not included on the email. On July 3, 2012, Davison sent a letter to Aiello, indicating that Millers still had not received the requested documentation and was extending the production deadline to July 20, 2012. On July 25, 2012, when plaintiff again failed to comply with Millers's requests for documentation, Millers sent a denial letter, stating that the two insurance claims were "fully, finally and formally denied" because plaintiff had "failed, and/or refused, to participate in an [EUO], [and] to produce material documents and information as requested by the company." On July 30, 2012, Aiello sent a letter to Millers, claiming that Almaki was in the process of obtaining the documentation and asserting that the document request was "extremely voluminous and extremely overbroad." Aiello requested that Millers withdraw the denial or else plaintiff would have to take legal action. When Millers did not withdraw the denial, plaintiff filed its lawsuit against Millers, and in February 2015, a jury trial was held. Defendant's vice president, Becker, testified at the trial, claiming he had forwarded to Millers all documentation that was provided to him, and additionally, he did not receive any documentation as it related to requests sent in May 2012. The jury returned a no-cause verdict.

After losing a motion for a new trial in the case against Millers, plaintiff filed this action against defendant on October 5, 2015, alleging breach of contract. Plaintiff alleged that defendant negligently represented plaintiff, failed to provide the requested documentation to Millers, misled plaintiff into believing that the required documentation that plaintiff provided had been forwarded to Millers, and wrongfully concealed the fact the documentation had not been provided. Plaintiff alleged that defendant's breach of contract resulted in the denial of its insurance claims and that defendant's breach could not have been discovered until February 2015, after plaintiff's trial against Millers.

In lieu of answering the complaint, defendant moved for summary disposition, in part, under MCR 2.116(C)(7), arguing that plaintiff's complaint was not timely filed.[1] The trial court agreed, finding that although pleaded as a breach of contract claim, the gravamen of plaintiff's claim was actually professional negligence and was subject to a two-year statute of limitations

---

[1] Defendant also moved under MCR 2.116(C)(8), arguing that plaintiff could not establish damages as a result of any breach of contract. The trial court declined to grant summary disposition under MCR 2.116(C)(8).

under MCL 600.5805(6), as opposed to the six-year statute of limitations afforded to breach of contract claims. MCL 600.5807(8). Plaintiff moved for reconsideration, pursuant to MCR 2.119(F), arguing that even as a professional negligence claim, the accrual date began after the jury verdict on February 11, 2015, and therefore, plaintiff had until February 11, 2017, to file its complaint. The trial court denied plaintiff's motion, and in a written order, it reasoned that plaintiff's motion was "meritless" and "based upon a legal theory which could have been pled or argued" sooner. This appeal followed.

Plaintiff argues, as it did in the motion for reconsideration, that because the professional negligence claim did not accrue until February 11, 2015, the trial court abused its discretion by failing to reconsider its order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(7). We disagree.

## II. STANDARD OF REVIEW

Whether a claim is barred by the applicable statute of limitations is reviewed de novo. *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014). Plaintiff, however, raised the issue of accrual for the first time in its motion for reconsideration. Accordingly, this issue is unpreserved. *Dept of Environmental Quality v Morley*, 314 Mich App 306, 316; 885 NW2d 892 (2015). This Court may review unpreserved issues "if it is an issue of law for which all the relevant facts are available," *id*. (quotation marks and citation omitted), and such issues will be reviewed for plain error, *Demski v Petlick*, 309 Mich App 404, 426-427; 873 NW2d 596 (2015) (quotation marks and citation omitted). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) the error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *Demski*, 309 Mich App at 427 (quotation marks and citation omitted).

## III. ANALYSIS

We conclude that the trial court did not plainly err when it denied plaintiff's motion for reconsideration. Plaintiff raised its accrual argument for the first time in its motion for reconsideration, and a trial court does not err by declining "to consider new legal theories or evidence that could have been presented when the motion was initially decided." *Yoost v Caspari*, 295 Mich App 209, 220; 813 NW2d 783 (2012); MCR 2.119(F)(3). Plaintiff even conceded in its motion that the issue could have been raised sooner, but previous counsel chose to focus on other arguments. Accordingly, it was not plain error to deny plaintiff's motion for reconsideration.

Regardless, plaintiff's accrual claim is without merit. A professional malpractice claim must be filed within two years of its accrual, MCL 600.5805(1) and (6), or within six months of when the plaintiff discovers or should have discovered its claim, MCL 600.5838(2), whichever is

later.[2]  Generally, a claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results."  MCL 600.5827.  However, if a claim is

> based on the malpractice of a person who is, or holds himself or herself out to be, a member of a state licensed profession[, the claim] accrues at the time that person discontinues serving the plaintiff in a professional or pseudoprofessional capacity as to the matters out of which the claim for malpractice arose, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim. [MCL 600.5838(1).]

Put simply, "[a]ccrual of a malpractice action . . . occurs on the last day of professional service." *Gebhardt v O'Rourke*, 444 Mich 535, 543; 510 NW2d 900 (1994).

In the state of Michigan, a public insurance adjuster is required to apply for and obtain a license through the Department of Insurance and Financial Services prior to representing any insureds who have suffered losses covered by insurance for fire or other hazards.  See MCL 500.1222 ("A person shall not adjust loss or damage under a policy of insurance or advertise, solicit business, or hold himself or herself out to the public as an adjuster unless he or she is licensed as an adjuster.").  Therefore, for the purpose of determining the accrual date of plaintiff's claim, the relevant inquiry is at what point defendant discontinued serving plaintiff in a professional or pseudoprofessional capacity as a public insurance adjuster with respect to its insurance claims.  MCL 600.5838(1).

In its complaint, plaintiff does not plead a specific date upon which defendant ceased its professional or pseudoprofessional representation of plaintiff.  However, this Court may review plaintiff's documentary evidence in addition to the pleadings. *The Reserve at Heritage Village Ass'n v Warren Fin Acquisition, LLC*, 305 Mich App 92, 111; 850 NW2d 649 (2014).  Plaintiff attached the contract between plaintiff and defendant to its complaint.  This contract proves that defendant began its professional representation of plaintiff regarding the two insurance claims in February 2012.  However, there is nothing that lists, or even suggests, a specific date upon which defendant's representation officially ended.  Plaintiff does, however, attach letters and emails that shows it obtained legal counsel to handle the insurance claims when Millers informed plaintiff of its disagreement with the proofs of loss.  Once Millers retained Davison, plaintiff retained its own counsel.

In its motion for summary disposition, defendant claimed that as of May 9, 2012, it no longer represented plaintiff in its insurance claims.  Defendant argued that after plaintiff retained legal counsel, defendant turned over its files and was no longer engaged in a professional, or pseudoprofessional, relationship with plaintiff.  Although defendant fails to provide an affidavit or other documentary evidence that definitively states its representation ended on any specific date, the July 3, 2012 letter informing plaintiff that it had until July 20, 2015 to fully comply with its document request was not sent to defendant.  Rather, the letter was sent from Millers's

---

[2]  Conversely, a plaintiff has six years to file a claim for breach of contract under MCL 600.5807(8).

-4-

attorney to plaintiff's attorney. Similarly, the July 25, 2012 denial letter from Millers to plaintiff was sent care of plaintiff's attorneys, not defendant.

In its response to defendant's motion for summary disposition, plaintiff attempted to contradict defendant's assertion by attaching emails from Becker to plaintiff's counsel, sent as late as September 24, 2012. Plaintiff further maintained in its response brief that defendant acted as its retained public adjuster through the trial against Millers in February 2015, and Becker was called by plaintiff to testify as a fact witness.

However, plaintiff failed to present any affidavits or other documentary evidence affirmatively establishing that defendant continued to represent plaintiff as a public adjuster on its insurance claims through any particular date. What is clear is that plaintiff's insurance claim was officially denied on July 25, 2012. At that time—regardless of defendant's involvement leading up to the official denial—defendant no longer had a role in adjusting plaintiff's claim. Instead, plaintiff's attorney was responsible for pursuing the legal action against Millers. We can say with certainty that on July 25, 2012, it was, at the very least, defendant's "last day of professional service" regarding the two insurance claims. Thus, plaintiff had until July 25, 2014, to file its complaint. However, plaintiff waited until after the trial against Millers before filing the complaint on October 5, 2015—well outside the statute of limitations. Because plaintiff's complaint was not timely filed, the trial court properly granted summary disposition in favor of defendant pursuant to MCR 2.116(C)(7), and properly denied plaintiff's motion for reconsideration.

Affirmed.

/s/ Michael J. Talbot
/s/ Jane M. Beckering
/s/ Thomas C. Cameron