*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CHRISTIAN G. CHARETTE,

        Plaintiff-Appellant,

v

SECRETARY OF STATE,

        Defendant-Appellee.

UNPUBLISHED
May 08, 2025
1:42 PM

No. 371959
Court of Claims
LC No. 24-000083-MZ

Before: MURRAY, P.J., and M. J. KELLY and N. P. HOOD, JJ.

PER CURIAM.

Plaintiff, Christian G. Charette, appeals by right the order of the Court of Claims granting summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) to defendant, Secretary of State, on Charette's claims that defendant wrongfully failed to remove Adam Stathakis, a competing candidate for state representative in the 22nd District, from the ballot for the August 2024 primary election. We affirm because the Court of Claims did not err when it determined that Charette's complaint sounded in mandamus and that he was not entitled to mandamus relief.

## I. BACKGROUND[1]

This case arises out of Charette's attempt to remove Stathakis from the August 2024 ballot. Charette and Stathakis were candidates for state representative for the 22nd District, which covers part of Wayne County. In March 2024, Stathakis filed an affidavit of identity in which he stated that he was running for the office of State Representative in the 22nd District in the primary election on August 6, 2024, and the general election on November 5, 2024. As part of the affidavit

---

[1] On appeal, Charette has attached numerous documents that are not part of the lower court record. The lower court record consists of the documents and exhibits filed in the Court of Claims. See MCR 7.210(A)(1). A party may not attempt to expand the lower court record on appeal to support an argument. *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 318; 885 NW2d 892 (2015). Therefore, we decline to consider these documents.

of identity, Stathakis certified that he had filed all statements and reports required by the Michigan Campaign Finance Act (MCFA), MCL 169.201 *et seq*.

Charette filed a complaint in the Court of Claims, alleging that Stathakis had submitted an affidavit of identity that did not comply with election law. Specifically, Charette alleged that he had heard from "a reliable source" that Stathakis had failed to document campaign contributions as required. Charette asserted that Stathakis had reported accepting $500 from the Macomb Families and Business Coalition, which was not a state-registered political-action committee. He further alleged that Stathakis was required to return the money but had not done so. Charette also asserted that, during meetings, Stathakis claimed that his campaign had raised $100,000 but his campaign filing statements identified the amount as a personal loan. On the basis of Charette's estimations of Stathakis's likely income and debt-to-income ratio, Charette did not believe the loan to be valid.

Charette alleged that Stathakis had likely perjured himself by signing his affidavit of identity and might be ineligible to appear on the primary ballot. He asserted that defendant had a clear obligation to halt Stathakis's certification or remove his name from the August 2024 primary ballot.

Charette sought a "declaratory judgment." But as part of his request for relief, he asked the Court of Claims to order defendant to remove Stathakis from the primary ballot and to "turn this matter over to the Michigan Department of Attorney General for further inquiry."

Defendant moved for summary disposition under MCR 2.116(C)(8), arguing that Charette's claim for declaratory relief actually sounded in mandamus and that his complaint provided no factual or legal support for the proposition that defendant had the duty to strike Stathakis's name from the primary ballot. Defendant also argued that mandamus relief was unavailable because Charette had other legal remedies available to him. In response to defendant's motion, Charette argued that the Court of Claims was required to accept his allegations as true for the purposes of a motion for summary disposition under MCR 2.116(C)(8) and that defendant had the duty to enforce election law, including by requiring a candidate's affidavit of identity to comply with the MCFA. Charette also argued that there was no other relief available to him because of time constraints and procedural limitations.

The Court of Claims granted defendant's motion for summary disposition under MCR 2.116(C)(8). In its written opinion, the Court of Claims concluded that Charette's claim for declaratory relief actually sounded in mandamus because Charette had sought an order directing defendant to strike Stathakis's name from the ballot. It then determined that Charette's complaint was deficient because it was based on inferences, and there was no indication that Charette had personal knowledge of the evidence or that he could provide it in an admissible format. The Court of Claims further determined that Charette had not established that he had a clear legal right to have Stathakis's name stricken from the ballot and, absent Charette's establishing a clear legal right on his part or a clear legal duty on defendant's, he had not stated a claim on which relief could be granted.

This appeal followed.

-2-

## II. MOOTNESS

First, defendant argues that this Court should not hear Charette's appeal because the appeal is moot. We disagree in part. Although the case is moot, we exercise our discretion to address the merits of the underlying issue. See *Davis v Secretary of State*, 346 Mich App 445, 460-461; 12 NW3d 653 (2023) (addressing a moot issue of public significance on the basis of its likelihood to recur but evade judicial review).

This Court reviews de novo whether an issue is moot. *In re Tchakarova*, 328 Mich App 172, 178; 936 NW2d 863 (2019). Under de novo review, this Court reviews legal issues without deference to the lower court. *Wright v Genesee Co*, 504 Mich 410, 417; 934 NW2d 805 (2019).

"An element of the authority granted to courts under Article VI of the Michigan Constitution is that courts will not reach moot issues." *K2 Retail Constr Servs v West Lansing Retail Dev, LLC*, ___ Mich App ___, ___; ___ NW3d ___ (2025) (Docket No. 367762); slip op at 11. "One of the most critical aspects of judicial authority, as opposed to legislative or executive authority, is the requirement that there be a real controversy between the parties, as opposed to a hypothetical one." *In re Detmer/Beaudry*, 321 Mich App 49, 55-56; 910 NW2d 318 (2017) (quotation marks and citation omitted). "An issue is moot when this Court's decision can have no practical effect on a controversy or it is impossible for this Court to fashion a remedy." *K2 Retail Constr Servs*, ___ Mich App at ___; slip op at 12.

However, even if moot as a practical matter, this Court may consider a legal issue that is one of public significance that is likely to recur but evade judicial review. *Gleason v Kincaid*, 323 Mich App 308, 315; 917 NW2d 685 (2018). An issue is likely to recur yet evade judicial review when "the transitory nature of a particular controversy would render the issue moot before a party could obtain appellate review." *People v Richmond*, 486 Mich 29, 40; 782 NW2d 187 (2010). "[L]egal questions affecting election ballots, such as [affidavit of identity] requirements, are the classic example of issues that the courts will nevertheless review because they are matters of public significance that are likely to recur yet evade judicial review." *Davis*, 346 Mich App at 460-461.

In *Davis*, 346 Mich App at 450-452, this Court considered a case in which the plaintiff alleged that several challenged candidates failed to accurately complete affidavits of identity. At the time of the appeal, the general election had taken place, and the candidates either had or had not been elected. *Id.* at 459. This Court ultimately considered the issues because issues concerning affidavits of identity were likely to recur yet evade judicial review. *Id.* at 461. When doing so, this Court considered how the arguments applied to the unelected judicial candidate, including an issue concerning that candidate alone. *Id.* at 466-467.

This case is similar to *Davis* in two respects. First, as in *Davis*, this case is moot. The relief Charette seeks (or sought) relates to an election that has already occurred. See *id.* at 459-461. We therefore cannot grant relief. See *id.* See also *Ziegler v Brown*, 339 Mich 390, 395; 63 NW2d 677 (1954) (explaining that mandamus will be denied when the issue is moot and the writ serves no purpose). Second, like *Davis*, the issue is likely to reoccur without redress. *Davis*, 346 Mich App at 461. On the basis of this case's similarity with *Davis*, we conclude that it is appropriate to consider the merits of the underlying issue, even though it is moot as a practical matter.

## III. MANDAMUS

Charette raises several arguments regarding the Court of Claims's grant of summary disposition to defendant under MCR 2.116(C)(8). We conclude that the Court of Claims correctly identified Charette's claim as sounding in mandamus and correctly concluded that he was not entitled to mandamus relief.

"While we review de novo a trial court's decision on a motion for summary disposition under MCR 2.116(C)(8), we review for an abuse of discretion the trial court's decision whether to issue a writ of mandamus." *Committee for Marshall-Not the Megasite v City of Marshall*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 369603); slip op at 8 (citations omitted). "A court abuses its discretion when its decision is outside of the range of reasonable and principled outcomes." *CB v Livingston County Comm Mental Health*, ___ Mich App ___, ___; ___ NW3d ___ (2023) (Docket No. 363697); slip op at 5, quoting *Citizens for Higgins Lake Legal Levels v Roscommon Co Bd of Comm'rs*, 341 Mich App 161, 177-178; 988 NW2d 841 (2022). "A trial court necessarily abuses its discretion when it makes an error of law." *CB*, ___ Mich App at ___; slip op at 5 (quotation marks and citation omitted).

### A. THE CLAIM SOUNDED IN MANDAMUS, NOT DECLARATORY RELIEF

First, Charette argues that the Court of Claims improperly treated his complaint as if he were seeking mandamus rather than a declaratory judgment. This argument lacks merit because the court properly considered the substance of Charette's claim, which sounded in mandamus.

This Court "look[s] beyond the mere procedural labels to determine the exact nature of the claim." *Altobelli v Hartmann*, 499 Mich 284, 299; 884 NW2d 537 (2016). A court need not accept a plaintiff's choice of label for an action because courts do not "exalt form over substance." *Brendel v Morris*, 345 Mich App 138, 149; 4 NW3d 776 (2023) (quotation marks and citation omitted). Instead, a court must consider the plaintiff's entire claim to determine the gravamen of the action. *Id*.

A trial court may grant a declaratory judgment to establish the rights and legal relations of an interested party if there is an actual controversy. See MCR 2.605(A)(1). A declaratory judgment "direct[s] a plaintiff's future conduct in order to preserve his or her legal rights." *AFSCME Council 25 v State Employees Retirement Sys*, 294 Mich App 1, 7; 818 NW2d 337 (2011). In contrast, "[m]andamus is the appropriate remedy for a party seeking to compel action by election officials." *Attorney General v Bd of State Canvassers*, 318 Mich App 242, 248; 896 NW2d 485 (2016).

Here, although Charette labeled his action as a request for declaratory judgment, it was essentially a claim for mandamus. Charette requested that the Court of Claims declare that defendant had not lawfully certified Stathakis. But there was no indication that he made this request to guide the parties' future conduct. Instead, Charette asked the court to order defendant to remove Stathakis from the primary ballot and to compel defendant's office "to turn this matter over to the Michigan Department of Attorney General for further inquiry." Because Charette's action sought to compel action by election officials, the gravamen of his claim sounded in

mandamus, and the Court of Claims did not err by considering his claim in that context despite the label that he chose to give it.

## B. THE COURT OF CLAIMS PROPERLY DENIED THE REQUEST FOR MANDAMUS

Having concluded that the Court of Claims properly held that Charette's claim sounded in mandamus, we also conclude that it properly denied his requested relief for at least two reasons: (1) the lack of a legal right to remove Stathakis from the ballot, and (2) the lack of a clear legal duty on the behalf of defendant to do the same.

"The writ of mandamus is an extraordinary form of relief." *Committee for Marshall*, ___ Mich App at ___; slip op at 9. "Its purpose is to enforce duties the law created under circumstances in which the law has not created a specific remedy, and justice requires one." *Id*. As observed by our Supreme Court, mandamus has four elements:

> To obtain this extraordinary remedy, the plaintiff bears the burden of showing that (1) the plaintiff has a clear, legal right to performance of the specific duty sought, (2) the defendant has a clear legal duty to perform, (3) the act is ministerial, and (4) no other adequate legal or equitable remedy exists that might achieve the same result. [*Taxpayers for Mich Constitutional Gov't v Dep't of Technology, Management and Budget*, 508 Mich 48, 81-82; 972 NW2d 738 (2021) (quotation marks and citation omitted).]

"A clear legal right is a right clearly founded in, or granted by, law; a right which is inferable as a matter of law from uncontroverted facts regardless of the difficulty of the legal question to be decided." *Bd of State Canvassers*, 318 Mich App at 249. A clear legal duty is one that may be inferred as a matter of law from the uncontroverted facts. *Adams v Parole Bd*, 340 Mich App 251, 260; 985 NW2d 881 (2022). A clear legal duty may be created by a statutory provision. *Berry v Garrett*, 316 Mich App 37, 43-44; 890 NW2d 882 (2016).

Here, Charette relied on the provisions of the MCFA to satisfy the legal right and legal duty elements of mandamus. But that reliance was misplaced. The MCFA provides that defendant has statutory duties to:

> (a) Make available through his or her offices, and furnish to county clerks, appropriate forms, instructions, and manuals required by this act.

> (b) Develop a filing, coding, and cross-indexing system for the filing of required reports and statements consistent with this act, and supervise the implementation of the filing systems by the clerks of the counties.

> (c) Receive all statements and reports required by this act to be filed with the secretary of state.

> (d) Prepare forms, instructions, and manuals required under this act.

(e)  Promulgate rules and issue declaratory rulings to implement this act in accordance with the administrative procedures act of 1969, 1969 PA 306, MCL 24.201 to 24.328.

(f)  Upon receipt of a written request and the required filing, waive payment of a late filing fee if the request for the waiver is based on good cause and accompanied by adequate documentation. One or more of the following reasons constitute good cause for a late filing fee waiver:

(*i*)  The incapacitating physical illness, hospitalization, accident involvement, death, or incapacitation for medical reasons of a person required to file, a person whose participation is essential to the preparation of the statement or report, or a member of the immediate family of these persons.

(*ii*)  Other unique, unintentional factors beyond the filer's control not stemming from a negligent act or nonaction so that a reasonably prudent person would excuse the filing on a temporary basis. These factors include the loss or unavailability of records due to a fire, flood, theft, or similar reason and difficulties related to the transmission of the filing to the filing official, such as exceptionally bad weather or strikes involving transportation systems.  [MCL 169.215(1).]

MCL 168.558(1) provides that a person filing a petition or affidavit of candidacy shall file "2 copies of an affidavit of identity."  MCL 168.558(2), in turn, provides the requirements for an affidavit of identity.  An affidavit of identity must include, in pertinent part, "a signed and notarized statement that as of the date of the affidavit, all statements, reports, late filing fees, and fines required of the candidate or any candidate committee organized to support the candidate's election under the Michigan campaign finance act . . . have been filed or paid[.]"  MCL 168.552(4).

Following the filing of an affidavit of identity, the affidavit must be forwarded to the county clerk:

If a candidate files the affidavit of identity with an officer other than the county clerk or secretary of state, the officer shall immediately forward to the county clerk 1 copy of the affidavit of identity by first-class mail, facsimile, or electronic transmission. The county clerk shall immediately forward 1 copy of the affidavit of identity for state and federal candidates to the secretary of state by first-class mail, facsimile, or electronic transmission.  [MCL 168.558(4).]

The candidate may not be certified if the candidate has "execute[d] an affidavit of identity that contains a false statement with regard to any information or statement required under this section." MCL 168.558(4).  MCL 168.552(1) provides that the county or city clerk has the duty to certify candidates for election:

The county or city clerk, after the last day specified in this act for receiving and filing nominating petitions, shall immediately certify to the proper board or boards of election commissioners in the city, county, district, or state the name and

-6-

post office address of each party candidate whose petitions meet the requirements of this act, together with the name of the political party and the office for which he or she is a candidate.

These statutes create a clear legal duty that a county must not certify the name of a candidate who has failed to submit a sufficient affidavit of identity. *Berry*, 316 Mich App at 43-44.

However, Charette has not established that these statutes establish a clear legal duty on the part of *defendant* regarding the certification of candidates. Defendant has only the statutory duty to issue declaratory rulings to implement the MCFA, see MCL 169.215(e), and the Bureau of Elections responded to Charette's complaint. Because *defendant* does not have a clear legal duty to remove Stathakis from the ballot on the basis of his allegedly deficient affidavit of identity, Charette's claim against defendant is clearly unenforceable as a matter of law. The court based its decision in part on the absence of "a legal or factual basis for finding a clear legal right or enforcing a clear legal duty," and it did not err by doing so.

Relatedly, Charette argues that the Court of Claims violated his right to due process of law by imposing unreasonable time lines on him for his response and by granting defendant's motion for summary disposition with prejudice on the basis of a mandamus issue to which Charette had no opportunity to respond. "The essential purpose of due process is to ensure fundamental fairness." *K2 Retail Constr Servs*, ___ Mich App at ___; slip op at 19. "Due process requires that a party receive notice of the proceedings against it and a meaningful opportunity to be heard." *Id.* at ___; slip op at 19. Provided that a party has had grievances heard in a meaningful manner, the party "is not deprived of procedural due process because of an unsuccessful outcome in the proceedings." *Hanlon v Civil Serv Comm*, 253 Mich App 710, 724-725; 660 NW2d 74 (2002). The record in this case establishes that Charette *did* respond to defendant's mandamus argument and extensively argued that, even were his claim treated as one for mandamus, he would be entitled to relief. The record does not support his assertion that he was denied due process.

Regarding Charette's related assertion that he was not granted enough time to respond to defendant's argument, Charette has not provided any law to support his assertion that the court erred by shortening the time requirements to respond to defendant's motion. "When a party fails to cite any supporting legal authority for its position, the issue is deemed abandoned." *Traverse City Record-Eagle v Traverse City Area Pub Sch Bd of Ed*, 337 Mich App 281, 296; 975 NW2d 104 (2021) (quotation marks and citation omitted). Regardless, an error is harmless if it was not decisive to the outcome of the case. *Ellison v Dep't of State*, 320 Mich App 169, 179; 906 NW2d 221 (2017). Charette cannot establish that the shortened time frame prejudiced him because he did, in fact, respond to defendant's arguments within the time he was provided.[2]

---

[2] To the extent that Charette also argues that the Court of Claims erred when it based its decision under MCR 2.116(C)(8) on the lack of factual support for his claims, which failed to treat his allegations as true and functionally denied him discovery, we conclude that any such error was harmless under the circumstances. This Court will not modify a decision of the trial court on the basis of a harmless error. See MCR 2.613(A). "An error is harmless if it was not decisive to the

We affirm.

/s/ Christopher M. Murray
/s/ Michael J. Kelly
/s/ Noah P. Hood

---

outcome of the case." *K2 Retail Constr Servs*, ___ Mich App at ___; slip op at 19. Here, the Court of Claims also ruled that there was no legal basis for determining that Charette had established a clear legal right to have defendant remove Stathakis's name from the ballot or that defendant had a clear legal duty to do so. The court's ruling was not erroneous.

Charette's other assertions regarding complaints he sent to other agencies, whether the case should have been referred to the Attorney General, the accuracy of statements made by the Bureau of Elections, or whether Stathakis committed perjury do not address the basis of the Court of Claims's opinion. This Court need not consider granting a party relief when the party's argument does not address the basis of the trial court's ruling. *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). We therefore decline to address Charette's additional arguments.