*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GASPARE GRIMALDI,

Plaintiff-Appellant,

UNPUBLISHED
March 24, 2020

v

OHM and ORION TOWNSHIP,

Defendants-Appellees.

No. 345270
Oakland Circuit Court
LC No. 2017-162762-CZ

Before: TUKEL, P.J., and MARKEY and SWARTZLE, JJ.

PER CURIAM.

Plaintiff appeals by right orders of the trial court granting summary disposition in favor of defendant Orion Township (the Township) pursuant to MCR 2.116(C)(7) and (8), granting summary disposition to defendant OHM pursuant to MCR 2.116(C)(10), and denying plaintiff's motion for reconsideration. We affirm.

In 2015, the Township developed a plan to construct a bike path alongside a road on which plaintiff resided. OHM, an architectural, engineering, and planning firm employed by the Township, was tasked with preparing the engineering design for the bike path and acquiring easements from neighboring property owners. The easements were necessary because, initially, the bike path was designed to be 8 feet in width. This would have extended the bike path beyond the 33-foot right-of-way, as measured from the centerline of the roadway under the highway-by-user statute, MCL 221.20, encroaching on the property of abutting landowners. For the most part, easements were obtained from property owners by donation, but OHM and plaintiff were ultimately unable to reach an agreement on terms for an easement.[1] The Township subsequently decided to redesign the bike path so that it would only be 6 feet in width, thereby falling within the existing right-of-way, but doing so only where the path ran in front of the properties of recalcitrant landowners such as plaintiff. OHM endeavored to prevent an encroachment of plaintiff's property during construction by having a survey crew stake the right-of-way line and

---

[1] At one stage of the negotiations, plaintiff had demanded $1 million for an easement.

install a temporary barrier. No documentary evidence was ever submitted revealing an encroachment.

After the bike path was completed, plaintiff commenced this action *in propia persona*. Plaintiff alleged that defendants trespassed on his property by building the bike path on his land, that defendants did not obtain signed authorization to use his property, and that defendants did not honor a verbal offer from an OHM engineer. Plaintiff next asserted that defendants deviated from the site plan approved by the Township regarding the bike path, that defendants' measurements were inconsistent with the plat survey, that OHM failed to submit an approved landscape site plan for the path, and that bicyclists and pedestrians trespassed on his property when it rained and snowed due to water build-up on the bike path. Plaintiff finally alleged that taxes were increased to construct the bike path yet property values decreased, that the bike path was not 12 feet from the road, that OHM offered him an asphalt driveway to accommodate the trespass, and that an OHM engineer acknowledged flooding and grading problems harming plaintiff's property, which OHM promised to repair. Nowhere in the complaint did plaintiff claim an unconstitutional taking of property.

In lieu of filing an answer, OHM filed a motion for summary disposition under MCR 2.116(C)(10). OHM argued that the constructed bike path was located within the property of the Oakland County Road Commission pursuant to the highway-by-user statute, which, according to OHM, "gives a public authority 66 feet of a road, 33 feet in width from each side of a road's centerline, if the statute's requirements have been met." OHM claimed that the statutory requirements had been satisfied in light of the evidence that the road constituted a defined line, that public authorities had maintained the road, and that the road had been used in an open, notorious, and exclusive manner without interruption for at least 78 years. OHM contended that the highway-by-user statute creates a presumption in favor of a public authority, which can be rebutted by a property owner, but plaintiff failed to rebut the presumption. Therefore, according to OHM, the Road Commission and the Township were entitled to build the bike path within the 66-foot span allowed by the highway-by-user statute. And the path was constructed within the 66 feet. OHM argued that it obtained a permit from the Road Commission that allowed the work to be performed. Accordingly, OHM posited that plaintiff had no viable claims, thereby entitling OHM to summary disposition. OHM supported the summary disposition motion by attaching documentary evidence.

The Township also moved for summary disposition except that the Township relied on MCR 2.116(C)(7) and (8). The Township argued that the bike path was located entirely within the county right-of-way and did not encroach on plaintiff's land. The Township claimed that it was shielded by governmental immunity from tort claims under MCL 691.1407. The Township further contended that it was engaged in a governmental function with respect to constructing the bike path, fulfilling its statutory duty to provide a non-motorized path for public transportation in accordance with its master plan. Therefore, according to the Township, it was entitled to summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity. The Township maintained that the court could also grant summary disposition in its favor under MCR 2.116(C)(8) because plaintiff failed to plead in avoidance of governmental immunity as required by law. The Township submitted documentary evidence in support of its motion for summary disposition under MCR 2.116(C)(7).

Plaintiff did not file a response to defendants' motions for summary disposition, nor did he submit any documentary evidence to counter defendants' evidence. Plaintiff did appear at the hearing on the motions for summary disposition. He claimed that defendants damaged and stole his property. Plaintiff stated:

> They have a right-of-way of 33 feet. They took 34 feet and they didn't use lasers, the line is all crooked. I have pictures of the disaster they did in front of my property. I'm retired . . . . They came to me, they wanted . . . to use part of my property. I didn't ask for excessive demands. They offered to do my parking lot. I negotiate in real estate, we put everything in writing. They didn't want to put nothing in writing.

The trial court first ruled that governmental immunity applied to the claims in plaintiff's complaint relative to the Township, and it granted the Township's motion for summary disposition. The court then turned its attention to OHM's motion and heard from counsel for OHM. Thereafter, plaintiff again acknowledged that there existed a 33-foot right-of-way, but he claimed as follows:

> So, by their own measurements, the road is 15 feet plus 12 feet from the road to the bike path, that's 27, plus the path is 6, that's 33, and then you have one foot side yard, that's 34 feet.

Plaintiff then reiterated his contention that his property was stolen and damaged. Plaintiff asked the trial court if it wished to see some pictures. The court responded that plaintiff should have filed a response to the summary disposition motion. Counsel for OHM stated, "I don't know where he's getting his measurements from." The trial court then ruled from the bench:

> I have to rule on a motion with the evidence that's before me. And, the evidence that the defendants have supplied in their motion and brief is that they have taken none of your property, not touched your property, and did everything in their power not to do so. They had every right to do what they did to the property that they did construct on and, therefore, I'm granting your motion for summary disposition.

After a proposed order was submitted to the court indicating that the motions were granted with prejudice, plaintiff objected, arguing that the court never stated that the dismissals were with prejudice. The trial court subsequently entered an order granting the summary disposition motions with prejudice and an order denying plaintiff's objection.[2]

Plaintiff moved for reconsideration. He first maintained that summary dismissal of his complaint violated equal protection by treating a pro se plaintiff unfairly in comparison to a plaintiff represented by counsel. The gist of plaintiff's position was that a pro se plaintiff would

---

[2] At the hearing to settle the order following plaintiff's objection, plaintiff opined, "That bike path is very dangerous because it's only 8 feet from the road. The law says it should be 12 feet and I want OHM and the Township to be aware that there's a dangerous homicidal hazard with that bike path."

not be able to discern the difference between filing a response brief to a motion for summary disposition with attached documentation and simply appearing at the hearing to argue one's point and hand the court supporting documentation. Stated otherwise, plaintiff essentially asserted that the requirements of MCR 2.116(C) should not apply to pro se parties. Plaintiff next argued that the dismissal of his complaint violated the Due Process Clause of the Fifth Amendment. He again sought to sidestep application of the court rules to a pro se party, arguing that applying the rules would violate due process protections. Additionally, plaintiff contended that summary dismissal of his complaint violated his right to petition under the First Amendment, assailing once again the application of the court rules to pro se parties. Next, plaintiff argued that assuming no constitutional infringement occurred, caselaw required a relaxation of the court rules in relation to pro se parties. Finally, plaintiff claimed that allowing the dismissal to stand would result in manifest injustice. The trial court denied plaintiff's motion for reconsideration, concluding that plaintiff failed to demonstrate palpable error by which the court and the parties were misled. The court also ruled that to the extent that plaintiff "now raises new constitutional issues, those issues lack merit and do not constitute any palpable error."[3] Plaintiff now appeals.

On appeal, plaintiff first argues that the trial court erred by granting summary disposition in favor of the Township based on governmental immunity, considering that governmental immunity is inapplicable for an unconstitutional taking of property.[4] We need not spend much time on this argument because: (1) plaintiff did not allege an unconstitutional taking in his complaint; (2) plaintiff did not raise the issue of or claim an unconstitutional taking at the time of summary disposition; (3) plaintiff did not even present such an issue in his motion for reconsideration; and (4) plaintiff did not submit documentary evidence showing that any of his

---

[3] We note that issues raised for the first time in a motion for reconsideration are not properly preserved for appeal. *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 316; 885 NW2d 892 (2015).

[4] With respect to immunity under the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, this Court in *Snead v John Carlo, Inc*, 294 Mich App 343, 355-356; 813 NW2d 294 (2011), stated:

> Except as otherwise provided, the GTLA broadly shields and grants immunity to governmental agencies from tort liability when an agency is engaged in the exercise or discharge of a governmental function. The existence and scope of governmental immunity was solely a creation of the courts until the Legislature enacted the GTLA in 1964, which codified several exceptions to governmental immunity that permit a plaintiff to pursue a claim against a governmental agency. A governmental agency is potentially liable under the GTLA only if the case against it falls into one of these enumerated statutory exceptions to governmental immunity. An activity that is expressly or impliedly authorized or mandated by constitution, statute, local charter, ordinance, or other law constitutes a governmental function. This Court gives the term "governmental function" a broad interpretation, but the statutory exceptions must be narrowly construed. [Quotation marks and citations omitted.]

property was actually taken or encroached upon. Therefore, even though governmental immunity does not shield a governmental agency from a takings or inverse condemnation allegation under constitutional principles, *Electro-Tech, Inc v H F Campbell Co*, 438 Mich 57, 91 n 38; 445 NW2d 61 (1989), plaintiff never raised nor preserved such a claim. And he did not plead in avoidance of governmental immunity. *Odom v Wayne Co*, 482 Mich 459, 478-479; 760 NW2d 217 (2008) ("A plaintiff filing suit against a governmental agency must initially plead his claims in avoidance of governmental immunity.").[5]

In *Walters v Nadell*, 481 Mich 377, 387-388; 751 NW2d 431 (2008), our Supreme Court spoke to the matter of issue preservation in civil cases, observing:

> Michigan generally follows the "raise or waive" rule of appellate review. Under our jurisprudence, a litigant must preserve an issue for appellate review by raising it in the trial court. Although this Court has inherent power to review an issue not raised in the trial court to prevent a miscarriage of justice, generally a failure to timely raise an issue waives review of that issue on appeal.
>
> The principal rationale for the rule is based in the nature of the adversarial process and judicial efficiency. By limiting appellate review to those issues raised and argued in the trial court, and holding all other issues waived, appellate courts require litigants to raise and frame their arguments at a time when their opponents may respond to them factually. This practice also avoids the untenable result of permitting an unsuccessful litigant to prevail by avoiding its tactical decisions that proved unsuccessful. Generally, a party may not remain silent in the trial court, only to prevail on an issue that was not called to the trial court's attention. Trial courts are not the research assistants of the litigants; the parties have a duty to fully present their legal arguments to the court for its resolution of their dispute. [Quotation marks and citations omitted.]

Again, plaintiff did not raise the issue of an unconstitutional taking at any point in time during proceedings in the trial court; he did not allege a cause of action for a taking or inverse condemnation. There was a complete failure to preserve. Moreover, plaintiff's status as a pro se party patently does not permit or authorize us to overlook these shortcomings. It is true that pro se litigants are allowed some leniency in pursuing their claims. *Haines v Kerner*, 404 US 519, 520; 92 S Ct 594; 30 L Ed 2d 652 (1972) (observing that allegations in a pro se complaint are held "to less stringent standards than formal pleadings drafted by lawyers"). But this leniency is not without limits, and pro se parties must still abide by the court rules. *Bachor v Detroit*, 49 Mich App 507, 512; 212 NW2d 302 (1973). Additionally, "even pro se litigants must brief arguments in order to preserve them." *Mapes v Bishop*, 541 F3d 582, 584 (CA 5, 2008). Ignorance of the law is no excuse even for pro se litigants. *Spohn v Van Dyke Pub Sch*, 296 Mich App 470, 488; 822 NW2d 239 (2012). Plaintiff has not presented us with any preserved claim or argument that

---

[5] Plaintiff also argues that acts of "gross negligence" precluded application of governmental immunity. But avoiding governmental immunity on the basis of "gross negligence" only pertains to suits against officers and employees of governmental agencies, MCL 691.1407(2), and plaintiff did not sue any individuals.

could serve as the basis to reverse the trial court's order granting summary disposition in favor of the Township predicated on governmental immunity.

Plaintiff next argues that the trial court erred by granting summary disposition in favor of OHM because he did state a claim upon which relief could be granted and because amendment of the complaint would not have been futile. Plaintiff presents myriad claims of trespass under various theories and statutes, most of which were not alleged in his complaint or argued to the trial court, along with numerous accusations of wrongdoing by OHM.

We first note that OHM was not granted summary disposition under MCR 2.116(C)(8) (failure to state a claim on which relief can be granted). On the basis of the *actual allegations* in plaintiff's complaint, OHM filed a motion for summary disposition under MCR 2.116(C)(10) that countered those specific allegations. OHM properly attached relevant documentary evidence in support of the motion, including evidence that there was no trespass or encroachment of any kind. OHM complied with MCR 2.116(G)(3)(b) by submitting the documentary evidence in support of the (C)(10) motion.[6] And MCR 2.116(G)(4) provides:

> A motion under subrule (C)(10) must specifically identify the issues as to which the moving party believes there is no genuine issue as to any material fact. When a motion under subrule (C)(10) is made and supported as provided in this rule, *an adverse party may not rest upon the mere allegations or denials of his or her pleading, but must, by affidavits or as otherwise provided in this rule, set forth specific facts showing that there is a genuine issue for trial*. If the adverse party does not so respond, judgment, if appropriate, shall be entered against him or her. [Emphasis added.]

Plaintiff submitted no documentary evidence in response to OHM's motion for summary disposition; consequently, OHM, considering its motion, legal analysis, and documentary evidence, was entitled to summary disposition as there was no genuine issue of a material fact. "A motion brought under MCR 2.116(C)(10) tests the factual support for a party's claim." *Pioneer State Mut Ins Co v Dells*, 301 Mich App 368, 377; 836 NW2d 257 (2013). Plaintiff failed the test. And to the extent that plaintiff raises new claims and allegations that were never presented to the

---

[6] We note that plaintiff does not question the application of the highway-by-user statute, which provides:

> All highways regularly established in pursuance of existing laws, all roads that shall have been used as such for 10 years or more, whether any record or other proof exists that they were ever established as highways or not, and all roads which have been or which may hereafter be laid out and not recorded, and which shall have been used 8 years or more, shall be deemed public highways, subject to be altered or discontinued according to the provisions of this act. All highways that are or that may become such by time and use, shall be 4 rods in width, and where they are situated on section or quarter section lines, such lines shall be the center of such roads, and the land belonging to such roads shall be 2 rods in width on each side of such lines. [MCL 221.20.]

trial court, we reject them as unpreserved. The trial court did not err by granting summary disposition to OHM under MCR 2.116(C)(10).

Plaintiff next argues that his objection to the proposed order granting summary disposition was appropriate because the trial court never stated at the hearing that the dismissal was with prejudice. Unless otherwise stated, the dismissal of an action "operates as an adjudication on the merits." MCR 2.504(B)(3). Regardless, even though the trial court did not state whether it was dismissing the action with prejudice when ruling from the bench, the court had the authority to clarify the matter at the hearing to settle the order and rule that the dismissal was with prejudice.

Finally, plaintiff maintains that the trial court should have afforded him an opportunity to amend his complaint. MCR 2.116(I)(5) does provide that "[i]f the grounds asserted [for summary disposition] are based on subrule (C)(8), (9), or (10), the court shall give the parties an opportunity to amend their pleadings as provided by MCR 2.118, unless the evidence then before the court shows that amendment would not be justified." Plaintiff essentially presented nothing to the court by way of relevant argument, and the "evidence then before the court," none of which reflected a trespass, an encroachment, or any civil wrong, did not justify an amendment of the pleadings.

We affirm. Having fully prevailed on appeal, defendants may tax costs under MCR 7.219.


/s/ Jonathan Tukel
/s/ Jane E. Markey
/s/ Brock A. Swartzle