# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 1, 2009

137162

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

MOLLY HALL,
        Plaintiff-Appellee,

v

JOHN C. CLAYA,
        Defendant-Appellant,

and

PONTIAC SCHOOL DISTRICT,
WALLACE L. DUNN, JR., and
MILDRED MASON,
        Defendants.

SC: 137162
COA: 277202
Oakland CC: 2005-065412-CD

_____/

On order of the Court, the application for leave to appeal the July 17, 2008 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J. (*concurring*).

I concur with the Court's order denying leave to appeal, but write separately to express considerable sympathy for defendant's position. Defendant finds himself subject to a jury verdict of $9,467 in actual damages and $170,000 in exemplary damages. It is clear to me that defendant's initial actions fell within the scope of his employment and were undertaken in good faith. Indeed, defendant's actions reflected a conscientious public servant determined to prevent the abuse of public monies. Normally, this would warrant a finding that defendant, a public school official, was entitled to governmental immunity. But, viewing the evidence in the light most favorable to plaintiff, as is required in reviewing an appeal from a motion for a directed verdict, *Zsigo v Hurley Med Ctr,* 475 Mich 215, 220-221 (2006), I can only conclude that defendant's final communication with plaintiff's insurer exaggerated the actual facts as they then existed

and that this communication contained unfounded and inaccurate information to the extent that defendant was no longer acting in good faith. Finally, I note that the amount of exemplary damages here seems extraordinarily excessive in light of the actual damages awarded. But, defendant has not raised any claim regarding the propriety or amount of such exemplary damages.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 1, 2009

Clerk