*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TIMOTHY TAIEB,

        Plaintiff-Appellant,

v

PHARMACO, INC.,

        Defendant-Appellee.

UNPUBLISHED
October 19, 2023

No. 361321
Oakland Circuit Court
LC No. 2020-181736-CB

TIMOTHY TAIEB,

        Plaintiff-Appellee,

v

PHARMACO, INC.,

        Defendant-Appellant.

No. 362380
Oakland Circuit Court
LC No. 2020-181736-CB

Before: MURRAY, P.J., and O'BRIEN and SWARTZLE, JJ.

PER CURIAM.

Plaintiff sold his marijuana dispensary to defendant, and he sued defendant for claims arising out of that sale as well as for a physical altercation that plaintiff had with defendant's independent contractor. The trial court granted defendant a directed verdict on some of plaintiff's claims, and a jury returned a verdict in favor of defendant on the remaining claims. The trial court subsequently denied defendant's motion for case-evaluation sanctions. Both parties appealed, and this Court consolidated their appeals. We affirm.

One of defendant's owners testified that defendant used independent contractors to relay information to defendant about marijuana dispensaries that were potentially for sale. The owner further stated that those independent contractors did not have any authority to offer deals on behalf

-1-

of defendant, and instead the contractors' independent affiliation allowed them to meet more potential sellers as separate clients of the independent contractors' separate businesses.

At least one of defendant's independent contractors facilitated the sale between plaintiff and defendant. This independent contractor testified that he owned his own business, and defendant was one of his several clients that did not have control over how he would facilitate a sale. Plaintiff wanted to address the dispensary's employees after the sale, and he alleged that this independent contractor told him that those were no longer his employees, choked him, and slammed him against a wall before plaintiff signed other agreements with defendant. Plaintiff sued defendant for, among other claims, assault and battery, but plaintiff did not name the independent contractor as a defendant. During the litigation, the parties participated in a case evaluation in which plaintiff rejected the case-evaluation award that defendant had accepted.

At the beginning of the six-day jury trial, defendant moved to exclude surveillance footage that recorded the physical altercation between plaintiff and the independent contractor. Conversely, plaintiff moved to show the surveillance footage to the jury. The trial court held that plaintiff had not established an agency relationship between the independent contractor and defendant, and even if there had been an agency relationship, plaintiff could not establish that defendant was liable for the independent contractor's actions because a principal is not responsible for an intentional assault committed by its agent. The trial court granted defendant's motion to exclude the surveillance footage, and the trial court later granted defendant's motion for a directed verdict on the assault-and-battery claim for the same reasons.

The trial court granted defendant's motion for a directed verdict on one other claim, and the jury returned a verdict for defendant on plaintiff's remaining claims. Defendant then moved under MCR 2.403(O) for case-evaluation sanctions because plaintiff had rejected the case-evaluation award that defendant had accepted, and the verdict was not more favorable for plaintiff as the rejecting party. The trial court denied defendant's motion without a hearing and without explanation.

Defendant then moved for reconsideration, and it argued that, even though MCR 2.403 was amended before the trial, application of the amended rule would be an injustice against defendant under MCR 1.102. The trial court denied defendant's motion for reconsideration because defendant had not demonstrated palpable error.

Plaintiff now argues on appeal that the trial court erred by excluding the surveillance footage, and defendant appeals the trial court's denial of case-evaluation sanctions.

A trial court's decision to admit or exclude evidence is reviewed for an abuse of discretion. *Waknin v Chamberlain*, 467 Mich 329, 332; 653 NW2d 176 (2002). When the trial court's decision whether to admit or exclude evidence involves a preliminary question of law, however, the issue is reviewed de novo. *Barnett v Hidalgo*, 478 Mich 151, 159; 732 NW2d 472 (2007).

The trial court excluded the surveillance footage because plaintiff had not established that defendant would be liable for the independent contractor's allegedly tortious actions. As this Court has explained, "a principal may be vicariously liable to a third party for harms inflicted by his or her agent even though the principal did not participate by act or omission in the agent's tort."

*Laster v Henry Ford Health Sys*, 316 Mich App 726, 735; 892 NW2d 442 (2016). To determine whether an agency relationship exists, courts must look to the "power or ability of the principal to control the agent." *Id*. The test is whether the principal retains control over the method of the work being done by a person or business. *Id*. at 736. If the principal retains control over the method of work being done, then the employer may be vicariously liable under the doctrine of respondeat superior. *Id*. "An independent contractor is one who, carrying on an independent business, contracts to do a piece of work *according to his own methods*, and without being subject to control of his employer as *to the means by which the result is to be accomplished*, but only as to the result of the work." *Id.* at 735-736 (quotation and citation omitted; emphasis in original).

The trial court did not err by holding that there was no agency relationship between the independent contractor and defendant because the evidence established that the independent contractor maintained his own business, and there was no evidence that defendant exerted any type of control over the independent contractor's facilitation. Thus, the independent contractor was not defendant's agent for the purposes of vicarious liability.

Even if defendant was vicariously liable for the independent contractor's actions under respondeat superior, however, "the general rule is that an employer is not liable for the torts intentionally or recklessly committed by an employee when those torts are beyond the scope of the employer's business." *Zsigo v Hurley Med Ctr*, 475 Mich 215, 221; 716 NW2d 220 (2006). In this case, there is no evidence that the alleged assault was within the scope of the independent contractor's work with defendant.

Plaintiff argues that the independent contractor assaulted him to advance defendant's business interests because the assault occurred before plaintiff signed certain agreements with defendant, but plaintiff did not demonstrate that the independent contractor's alleged assault was committed at defendant's direction. Accordingly, the trial court did not err by finding that plaintiff failed to establish that the surveillance videos were relevant to plaintiff's assault-and-battery claim against defendant.

Lastly, defendant argues that the trial court erred by denying its motion for case-evaluation sanctions because the trial court did not consider MCR 1.102 to determine whether failure to apply the pre-amendment MCR 2.403(O), which was in effect at the time of case evaluation, would be an injustice.

Defendant has failed to preserve this argument, however, because an issue raised for the first time in a motion for reconsideration is not preserved for appeal. *Dep't of Environmental Quality v Morley*, 314 Mich App 306, 316; 885 NW2d 892 (2015). Under Michigan's "raise or waive" rule, if a litigant in an ordinary civil matter does not properly raise and preserve an issue in the trial court, the issue is waived and this Court has no obligation to consider it, even for plain

error. *Tolas Oil & Gas Exploration Co v Bach Services & Mfg, LLC,* ___ Mich App___, ___; ___ NW2d ___ (2023) (Docket No. 359090); slip op at 2-5.  Accordingly, we decline to address this unpreserved claim.

Affirmed.

/s/ Christopher M. Murray
/s/ Colleen A. O'Brien
/s/ Brock A. Swartzle